Michelle R. Burrows 861606
MICHELLE R. BURROWS PC
1333 NE Orenco Station Pkwy Ste 525
Hillsboro, OR 97124
503-241-1955
michelle.r.burrows@gmail.com

      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| SARA SUAREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>Oregon Department of Corrections (ODOC) Director Colette Peters, ODOC PREA Coordinator Ms. Ericka Sage, ODOC Deputy Director Brian Belleque, Tony Klein, ODOC Past Chief Medical Officer Dr Steve Shelton, ODOC Present Chief Medical Officer Dr. Christopher DiGiulio, ODOC Assistant Director of Correctional Services Heidi Steward, ODOC Health Services Manager Joe Bugher, Joe DeCamp, ODOC Chief Clinical Officer Danielle Fuzi, ODOC Chief Psychologist Dr. Don Dravis, ODOC Behavioral Health Services Administrator Dawnell Meyer, ODOC Assistant Director of Operations Michael Gower, ODOC Past Superintendent Rob Persson, John/Jane Doe CCCF Medical Director, Jane Doe CCCF Nursing Manager, John/Jane Doe BHS Counselors, John/Jane Doe Nurses, John/Jane Doe Security Staff, and State of Oregon,<br><br>    Defendants. | Case No. 3:19-cv-00095-IM (lead)<br><br>PLAINTIFFS' STATUS REPORT (October 2019) |

    Plaintiffs in the consolidated cases noted above file this status report in anticipation of some additional issues in this case.

Page 1 PLAINTIFFS' STATUS REPORT

1. On October 17, 2019, Plaintiff Sara Suarez Holder committed suicide by hanging herself. Mr. Randy Holder, her husband, desires to maintain the action. An Estate will be created in Linn County which will take some time. Ms. Suarez's deposition was scheduled in November and Plaintiff's counsel requested that any deposition of survivors, including her teenage daughter and husband be delayed for a respectful time. The defendants are in agreement.

2. The parties have been working with Judge Beckerman on coordinating 10 separate mediation conferences. As set forth below, the parties will be jointly requesting a stay of the case from December 1, 2019 to March 1, 2020 in order to devote all energies to attempts to resolve these cases.

3. At the date of this writing, Plaintiff has received approximately 12,000 pages of discovery from defendants. Defendants have been extremely transparent. Plaintiff has provided most of the requested interrogatories with the exception of Elizabeth Rydell, who has been difficult to locate and is struggling with depressive issues, and Ashley Dooley Sweeney. Ms. Sweeney provided answers to interrogatories but counsel is concerned they are not as complete as they should be. A draft of Ms. Sweeney's interrogatory answers will be provided to DOJ with amendments being filed on or about November 1 following a personal meeting with Ms. Dooley Sweeney, who moved to Oklahoma after the suit was commenced.

4. The Plaintiff has taken approximately 12 defendant depositions with at least one more scheduled for next week. The defendants have scheduled depositions with all the plaintiffs for the first two weeks of November in Medford, Coffee Creek Correctional Facility and

    in Portland. Mr. Klein's deposition is scheduled for November 20 in Salem. If any depositions are to be taken of Ms. Suarez's family members they will likely be taken later.

5. The parties have consistently held discussions about potential settlement of these cases. Defense requested written demands from Plaintiffs. Plaintiff sent one demand, with five more ready to be sent. Plaintiff counsel has been meeting with each client personally to discuss these issues as many of the women require additional assistance in understanding some of the complexities of civil litigation. At this point Plaintiff counsel has consent to make proffers from Melissa Vitallero, Sara Smith, Lisa Culley, Cassidy Jackson, Noah Carter and Autumn Brelin. It is believed those demands can be sent by October 30, 2019. Counsel is meeting with the remaining clients over the next two weeks and will be able to obtain updated interrogatories, more discovery and authority for settlement for all the women except the Estate of Sara Suarez.

6. The parties contacted Judge Stacie Beckerman to assist with formal settlement conferences for each of the ten cases. Judge Beckerman consented to serve in that capacity. A conference with all counsel and Judge Beckerman was held on October 16. Judge Beckerman issued a minute order memorializing the steps taken in the conference.

7. Defendants desire to take the depositions of each of the Plaintiffs prior to engaging in formal settlement. Plaintiff agrees this would be beneficial and the most efficient manner to approach this situation. Plaintiff also desires to take the deposition of Mr. Klein prior to engaging in settlement. All those depositions should be completed by November 24, 2019. All of those depositions will be videotaped.

8. Plaintiff's counsel believes each case should be mediated separately due to ethical considerations and efficiency. Judge Beckerman agreed. Based on Judge Beckerman's

schedule and the deposition schedule, it was determined early January 2020 would be the most reasonable time to engage in formal settlement process. Judge Beckerman will have to be physically at the prison for three of the conferences.

9. After the extensive discovery already accomplished, Plaintiff will need to dismiss some individual defendants, modify the claims for the Suarez Estate and the claims for the remaining case to limit the 1983 claims. The defendants indicated an agreement with the proposals. However, Plaintiffs will not be able to fully ascertain all the necessary amendments and modification in these ten cases until early December 2019.

10. The parties desire to spend some time focusing only on the settlement process to perhaps limit the cases further by settling with certain plaintiffs. The parties also desire to suspend the case management deadlines for a period of time while settlement is proceeding with Judge Beckerman. Judge Beckerman suggested the parties seek approval from this court to suspend those deadlines.

11. The parties agree that a suspension of deadlines until at least March 1 will allow the parties to seriously pursue settlement without being distracted by expert expenses and disclosures, and other litigation needs including dispositive motions. It is anticipated that once the final discovery and settlement process is completed as far as it can go the case can be streamlined to avoid additional motions or dispositive motion practice.

12. Mr. Klein is presently being investigated by the FBI and the United States Department of Justice in the D.C. office. This may complicate his deposition but should not cause any delay in the case. Plaintiff is mindful of the fact Mr. Klein is under investigation and has the right to assert his testimonial privilege in a civil case.

13. The parties suggest a Rule 16 conference with this court to discuss these issues more fully and to work out a reasonable schedule with the court's guidance.

Dated this 22nd day of October 2019.

                              Respectfully submitted,

                              /s/Michelle R. Burrows
                              Michelle R. Burrows OSB86160
                              Attorney for Plaintiffs